**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

|  |  |
|---|---|
| MICHELLE THOMPSON on behalf of her son, N.S., | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | No. 25-822 (KMW-EAP) |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CHERRY HILL TOWNSHIP, STATE OF NEW JERSEY, | |
| Defendants. | |

**THIS MATTER** comes before the Court by way of Plaintiff Michelle Thompson's ("Plaintiff") Complaint (ECF No. 1), on behalf of her son, N.S.; and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1-2) pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that her average monthly income is $89,000.00 and her average monthly expenses are approximately $5,383.00. IFP Application ¶ 1, 8. Plaintiff does not have other liquid assets, nor does she list a spouse to contribute income or share in expenses, ¶¶ 1-8; and

**WHEREAS,** the Third Circuit has held that an application to proceed without paying filing fees is "based on a showing of indigence," *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006) (citation omitted); and

**WHERAS,** the Court observes that pursuant to 28 U.S.C. § 1915(e)(2)(A), "the court *shall* dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue," *id.* (emphasis added); *see also Kachur v. WMC Mortg. Corp.*, No. 18-15111, 2018 WL 5634007,

at *1 (D.N.J. Oct. 31, 2018) (dismissing the complaint *sua sponte* upon denial of in forma pauperis application where the court found that, "[c]onsidering Plaintiffs' monthly income, savings, and expenses, Plaintiffs ha[d] not established that they [could not] pay the costs of litigation."); and

WHERAS, the Court notes that although a "person need not be absolutely destitute to proceed in forma pauperis," Plaintiff must nonetheless "establish that [she] is unable to pay the costs of [her] suit," *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016); and

THE COURT FINDING that because Plaintiff's monthly income, savings, and expenses fail to establish that Plaintiff cannot pay the costs of litigation, the Court **DENIES** the IFP application.[1] Plaintiff, accordingly, may submit the filing fee or file a renewed application correcting the deficiencies in their application and providing further details that address the Court's concerns. Therefore,

IT IS this ___ day of **March**, 2025 **ORDERED** that:

(1) Plaintiff's IFP application is **DENIED** without prejudice.

(2) The Clerk of the Court shall close this matter and serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

(3) Plaintiff may submit the $405 filing fee or file a renewed Application to Proceed without Prepaying Fees or Costs by **April 24, 2025**.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[1] Although the Court does not screen the Complaint for dismissal under 28 U.S.C. § 1915, the Court notes that to the extent Plaintiff seeks relief for the alleged deprivation of her juvenile son's rights to due process and a fair trial in the underlying state court criminal proceedings, this Court cannot provide such relief. *See McGillvary v. Scutari*, No. 23-22605, 2025 WL 417061, at *4, n.1 (D.N.J. Feb. 6, 2025) (finding plaintiff "cannot pursue claims under 42 U.S.C. § 1983 because if [the p]laintiff were to prevail on claims he seeks to assert, this favorable disposition would constitute a collateral attack on the validity of his criminal conviction in violation of the rule espoused in *Heck v. Humprhey*."); *see also Wood v. Borough of Woodlynne*, 735 F. Supp. 3d 526, 530–31 (D.N.J. 2024) (noting "there must be a 'favorable termination' of a prior conviction for a plaintiff to bring a subsequent § 1983 action that implicitly challenges the lawfulness of that prior conviction."). Should Plaintiff demonstrate her entitlement to proceed IFP or pay the filing fee, the Court would then evaluate the merits of Plaintiff's Complaint.