**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| MICHELLE THOMPSON on behalf of her son, N.S., | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | No. 25-822 (KMW-EAP) |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CHERRY HILL TOWNSHIP, STATE OF NEW JERSEY, | |
| Defendants. | |

**THIS MATTER** comes before the Court by way of Plaintiff Michelle Thompson's ("Plaintiff") Motion for Leave to Amend (Dkt. No. 25) her Complaint (Dkt. No. 1), on behalf of her son, N.S.; and

**WHEREAS,** Plaintiff commenced this action on January 30, 2025, asserting a 42 U.S.C. § 1983 claim against Cherry Hill Township and the State of New Jersey for the alleged violation of her then-juvenile son's Fifth and Sixth Amendment rights to due process and a fair trial (Dkt. No. 1 at 2-3); and

**WHEREAS,** Plaintiff alleges that her son was deprived of due process of law, the right to legal counsel, the right to an impartial jury, and the right to confront and call witnesses (*id.* at 32); and

**WHEREAS,** the Third Circuit has repeatedly held that "[a] non-lawyer appearing *pro se* [is] not entitled to play the role of attorney for [her] children in federal court." *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991); *see also Harris-Thomas v. Christina Sch. Dist.*, 145 F. App'x 714, 715 (3d Cir. 2005) (holding that non-attorney parent cannot

represent her child in federal court for a school district's alleged civil rights violations); *Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at \*5 (D.N.J. Jan. 17, 2020) (examining Third Circuit case law on this issue); and

**WHEREAS,** this Court issued an Order on July 17, 2025 (Dkt. No. 17) ordering Plaintiff to obtain a lawyer to represent her son in this matter within thirty (30) days thereof, and cautioning Plaintiff that if she was unable to obtain a lawyer for her son the Court would issue an Order to Show Cause as to why Plaintiff's case should not be dismissed; and

**WHEREAS,** on October 7, 2025, this Court issued an Order to Show Cause (Dkt. No. 22) ordering Plaintiff to show cause why her case should not be dismissed, requiring her to demonstrate that her son has obtained a lawyer, and requiring her son's lawyer to enter an appearance on or before October 28, 2025 to avoid dismissal of this case; and

**WHEREAS,** to date, no attorney has entered an appearance on behalf of Plaintiff's son, and Plaintiff has submitted no evidence to suggest that she has obtained a lawyer to represent her son in this proceeding; and

**WHEREAS,** Plaintiff has not filed a response to the Court's Order to Show Cause demonstrating why her case should not be dismissed; and

**WHEREAS,** Plaintiff has instead filed a Motion to Amend her Complaint, purportedly on behalf of her now-adult son, seeking leave to amend on his behalf (Dkt. No. 25); and

**WHEREAS,** Plaintiff asserts no claims on her own behalf and is not entitled to represent her son, *see, e.g., Osei-Afriyie by Osei-Afriyie*, 937 F.2d at 882; *Harris-Thomas*, 145 F. App'x at 715; *Jackson*, 2020 WL 255974, at \*5; and the Court finding that granting leave for Plaintiff to amend would be futile;

**CONSEQUENTLY,** for all the foregoing reasons, and for good cause shown;

**IT IS** on this 25th day of **November, 2025,** hereby

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff's Motion for Leave to Amend (Dkt. No. 25) is **DENIED**; and it is further

**ORDERED** that, to the extend Plaintiff's son, N.S., wishes to proceed with this lawsuit, he shall file an Amended Complaint, through counsel or *pro se*, on or before December 29, 2025. Failure to do so will result in this case being dismissed with prejudice.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE